**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BERNICE PRESTIANNI,
<u>Plaintiff-Appellant,</u>

v.

UNITED PARCEL SERVICE,
INCORPORATED,
<u>Defendant-Appellee.</u>

No. 96-2783

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-96-1092-S)

Submitted: March 31, 1998

Decided: May 27, 1998

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ransom J. Davis, DANEKER, MCINTIRE & DAVIS, P.C., Balti-
more, Maryland, for Appellant. Emmett F. McGee, Jr., Patricia A.
Sumner, PIPER & MARBURY, L.L.P., Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bernice Prestianni appeals an order of the district court granting summary judgment to her employer, United Parcel Service, Inc. (UPS), on her claims of sex and disability discrimination. See 42 U.S.C.A. § 2000e-2 (West 1994); 42 U.S.C.A.§ 12101 (West 1995). Finding no error, we affirm.

UPS originally hired Prestianni as a part-time hourly employee in 1987. She developed carpal tunnel syndrome, assertedly from picking up packages, and in early 1989 had hand surgery to address this problem. She returned to UPS in May 1989 and was promoted to a full-time supervisory position.

In 1991, she had a second surgery on the same hand. She returned to UPS in September 1991 and after originally doing light duty clerical work, UPS found another job acceptable to her. She concluded that she could perform duties in the feeder dispatch department at the CSX railyard and was assigned there in January 1992.

Beginning in 1991 or 1992, Prestianni began dating Bob Kidd, one of the UPS feeder drivers she supervised at the railyard. She attended a UPS picnic and a union fundraiser with Kidd; their relationship became a subject of discussion at UPS. To avoid favoritism, sexual harassment claims, and other problems, UPS discouraged romantic relationships between supervisory and subordinate employees; a section in UPS employment manuals distributed to all UPS managers, including Prestianni, stated this policy. In June 1992, one of her supervisors met with Prestianni and reminded her that relationships between supervisors and subordinates were contrary to UPS policy and asked her to consider whether she and Kidd would end the relationship or whether one of them would leave UPS. Prestianni refused to consider ending the relationship, leaving her job, or having Kidd

2

leave his. UPS warned Prestianni that by continuing her relationship with Kidd, she was putting her job at UPS at risk. Nevertheless, UPS took no action against Prestianni at that time.

Prestianni was transferred to a job of greater responsibility as dispatch supervisor at the Vero Road hub. There she supervised Kidd and other drivers, assigning work to them after they returned to the hub. Prestianni's relationship with Kidd became closer; she frequently spent the night at his house; he ate meals and vacationed with Prestianni and her children. In January 1994, they obtained a mortgage, bought land, and started building a house together.

In 1994, a number of UPS employees and managers complained of favoritism Prestianni showed Kidd. Even Prestianni and Kidd admitted in deposition that their relationship led to problems at work. A UPS manager discussed the matter directly with Prestianni; she again reiterated that she would not end her relationship with Kidd under any circumstances. The manager responded that in that event she or Kidd would have to leave the company. When she refused to consider this option, UPS discharged her because she was an at-will employee and Kidd was a union employee and because UPS holds its managers to a higher standard of conduct.

After extensive discovery, UPS moved for summary judgment. The district court granted the motion, reasoning that Prestianni had proffered no direct evidence of sex discrimination or made out a prima facie case under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The court also concluded that Prestianni had offered no evidence of a retaliatory firing. Additionally, with respect to her ADA claim, the court found that Prestianni failed to file a timely administrative claim and that in any event she failed to demonstrate that she was disabled or that UPS failed to accommodate her.

After reviewing the parties' briefs and the applicable law, we conclude that the district court properly granted summary judgment and affirm on the reasoning set forth in that court's careful opinion. See Prestianni v. United Parcel Service, Civ. No. S 96-1092 (D. Md. Nov. 5, 1996).

AFFIRMED